UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. KAMPHAUS,

       Plaintiff,                            Case Number 14-12486
                                                       Honorable David M. Lawson
v.                                                           Magistrate Anthony P. Patti

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT

    Plaintiff Robert L. Kamphaus filed the present action on June 24, 2014 seeking review of the Commissioner's decision denying his claim for disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Anthony P. Patti under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgement to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Patti filed a report on June 22, 2015 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation and the defendant filed a response to the objections. This matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's response and has made a *de novo* review of the administrative record in light of the parties' submissions. Although the plaintiff raised several issues in his motion for summary judgment, and the magistrate judge addressed them all, the only contested issue that remains before the Court as framed by the objection to the report and recommendation is whether a report of a 2013 MRI study amounts to new and material evidence that would warrant an order to remand the case

to the administrative law judge for further consideration of the plaintiff's exertional capacity to perform work.

The plaintiff, who is now 63 years old, filed his application for disability insurance benefits on January 26, 2012, when he was 59. He completed high school and worked as a production control scheduler until September 14, 2009. The plaintiff asserts that he stopped working due to stress, memory lapses, and fatigue, which caused him to make frequent errors and often to be absent from work at his last job. In the application that is the subject of the present appeal, the plaintiff alleged a disability onset date of September 14, 2009. The plaintiff has been diagnosed with affective disorder and sleep apnea. The plaintiff also claims that he has lower back and leg pain due to a back injury suffered at his last job, but the Administrative Law Judge (ALJ) determined that the record revealed no work related limitations due to back pain.

On January 26, 2012, the plaintiff filed his claim for disability benefits, alleging that he became disabled on September 14, 2009. The plaintiff's application was denied initially on June 11, 2012. The plaintiff timely filed a request for an administrative hearing, and on April 9, 2013, the plaintiff, represented by counsel, appeared before ALJ Melvyn B. Kalt. On May 23, 2013, ALJ Kalt issued a written decision in which he found the plaintiff not disabled. On April 22, 2014, the Appeals Council denied the plaintiff's request for review. The plaintiff filed his complaint seeking judicial review on June 24, 2014.

ALJ Kalt reached the conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. He found that the plaintiff had not engaged in substantial gainful activity since September 14, 2009 (step one); the plaintiff suffered from affective disorder and sleep apnea, impairments which were "severe" within the

meaning of the Social Security Act (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform his previous work as a production control scheduler, which exceeded his current functional capacity (step four). As noted earlier, the ALJ considered the plaintiff's complaints of back pain in his Step-2 analysis, but concluded that although he showed evidence of degenerative disc disease, he did not have a severe impairment.

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, with the nonexertional limitation that he was "limited to simple, repetitive, routine tasks (unskilled)." A vocational expert testified that the plaintiff could perform unskilled jobs such as "hand packager (there are 3,400 jobs in the region and 10,000 statewide), packager/sealer (2,100 and 4,800), and order filler (2,800 and 6,000)." Based on these findings and using Medical Vocational Rule 204.00 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on April 22, 2014.

As noted earlier, the magistrate judge concluded that substantial evidence supported the ALJ's determination of the plaintiff's capacity to work. Judge Patti also suggested that the plaintiff did not offer a convincing argument that new evidence — the 2013 MRI report — justified remanding the case for further administrative consideration under sentence six of 42 U.S.C. § 405(g).

The plaintiff raises a single objection to the magistrate judge's report and recommendation. He insists that remand is warranted because the 2013 MRI report is new and material evidence that

supports the plaintiff's claim that he has exertional limitations based on back pain, but that the ALJ failed to consider any exertional limitations in making his residual functional capacity determination. He notes that the MRI exam from June 13, 2013 was conducted after a referral from the plaintiff's doctor, Eric Neisch, M.D. And he believes that the test results would impact significantly the ALJ's determination that his back pain was not severe.

Section 405(g) provides the Court the authority to remand a case pursuant to either its sentence four or sentence six. The court of appeals explained in *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171 (6th Cir. 1994), that these two provisions serve distinct purposes and set forth different prerequisites for remand. Sentence six allows a remand for consideration of new evidence, but the moving party must establish good cause for not submitting the evidence at the hearing and show that the evidence is material, meaning that it is likely to change the ALJ's decision. *Id.* at 174; *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). A post-judgment remand for further proceedings is authorized under sentence four of Section 405(g) for further consideration of evidence in the record, *see Melkonyan v. Sullivan*, 501 U.S. 89, 97-98 (1991), but the moving party must show "that substantial evidence does not support the Secretary's decision." *Faucher*, 17 F.3d at 176. The plaintiff does not contend that remand is appropriate under sentence four.

The magistrate judge agreed that the report was "new" because it was not created until after the administrative hearing. Neither side disputes that finding.

The plaintiff maintains that the report is "material" because it provided objective medical evidence of more severe spinal abnormalities than were revealed in the only MRI evidence that the ALJ considered, which was from a scan taken in 2003. The plaintiff also argues that the magistrate

judge erred in determining that the evidence was not indicative of his condition before the hearing, because the 2013 MRI scan was taken just three weeks after the hearing, and it is implausible that the plaintiff's spinal condition degraded as much as the scan suggests in just three weeks. The defendant responds that the plaintiff has failed to show that the evidence is material, because the MRI scan is not accompanied by any interpretation by a medical source, and it does not, on its own, objectively contradict the other medical record evidence showing no significant degradation in the plaintiff's functional capacity between the earlier 2003 scan — which was considered by the ALJ — and the 2013 scan, including from 2010 to 2013 when he was treated for back pain.

It is not readily apparent that the differences in the 2003 and 2013 MRI reports are medically significant. In fact, there are more similarities than differences in the listed findings on both reports. It is well known that degenerative disc disease is a progressive ailment, but it is difficult to conclude that the 2013 report is anything but evidence of the continued existence of that condition. But the Court need not — in fact, ought not — attempt to interpret the report or make conclusions of medical significance. It is the plaintiff who bears the burden of showing the significance of the "new" report. Where new evidence is presented after the administrative hearing is closed, the "court can remand for further consideration of the evidence only *where the party seeking remand shows that the new evidence is material.*" *Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 685 (6th Cir. 1992) (emphasis added). "In order for the claimant to satisfy [her] burden of proof as to materiality, [s]he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir. 1988) (citing *Carroll v. Califano*, 619 F.2d 1157, 1162 (6th Cir.1980)).

The magistrate judge concluded that the plaintiff did not satisfy his burden, and the Court agrees with the magistrate judge's reasoning and conclusion.

The plaintiff argues that he has shown good cause for failing to present the 2013 MRI results before the ALJ issued his decision, because Dr. Neisch did not refer the plaintiff for an MRI scan before the hearing, and the evidence therefore did not exist at a time when the plaintiff could have presented it. The defendant counters that the plaintiff has not offered any good reason to explain why he could not procure the new MRI evidence before the hearing, and the fact that Dr. Neisch saw no need for an MRI referral suggests that there were no indications of a need for such an exam, because the plaintiff's condition was not severe or worsening. Once again, the Court believes that the defendant has the better argument. The plaintiff suggests that a referral was necessary to obtain the imaging study and qualify for insurance coverage. No doubt that is true. But the plaintiff has not explained why the referral was even necessary until after the administrative hearing. If the timing suggests that the report is "new," then perhaps the symptoms or complaints that provoked the referral are as well.

Finally, the plaintiff contends that the magistrate judge erred in concluding that the 2013 MRI evidence was cumulative of other evidence, because it provided objective verification for Dr. Neisch's opinion that the plaintiff was limited to light work only, which the ALJ discounted after finding that the limitations noted by Dr. Neisch were unsupported by any objective medical evidence or treatment records. The plaintiff argues that the magistrate judge erred in finding that the ALJ's determination that the plaintiff's back pain was non-severe was supported by other evidence in the record, such as the minimal treatment that was given for the pain and the plaintiff's ability to ride a motorcycle, mow his lawn with a riding lawnmower, drive, and go shopping. The plaintiff

contends that all of those activities are "not inconsistent" with a limitation to light work only, but that the ALJ nonetheless concluded that the plaintiff could work at any exertional level. The defendant responds that the plaintiff waived the right to pursue this objection, by failing to present it in his opening brief in support of his motion for summary judgment.

It is true that courts generally will not consider arguments on review that were not raised before the magistrate judge. As the Sixth Circuit has explained in a similar circumstance:

> Petitioner did not raise this [new] claim in his initial . . . motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co.*, Inc., 747 F. Supp. 1299, 1302-03 (S.D. Ill. 1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

*Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) (stating that the Magistrate Judges Act was not intended "to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court"), *rev'd on other grounds*, *United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc); *Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("A magistrate's decision should not be disturbed on the basis of arguments not presented to him.").

But even if the argument were not waived, the plaintiff has not offered any evidence of the medical significance of the 2013 MRI report or an explanation of how it shows something more than

the 2003 report. The magistrate judge's suggestion that the 2013 report is cumulative is reasonable in light of that failure of proof.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #17] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #18] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #13] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #15] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: September 30, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2015.

                                s/Susan Pinkowski
                                SUSAN PINKOWSKI